UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ARIEL ARACENA,

    Plaintiff,
vs.

CARNIVAL CORPORATION

    Defendant.
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, ARIEL ARACENA (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, CARNIVAL CORPORATION (hereinafter, "Defendant"), and alleges:

## JURISDICTION & THE PARTIES

1. This is a personal injury action wherein the damages are far in excess of the Court's minimum jurisdictional threshold of Seventy-Five Thousand Dollars ($75,000) exclusive of interest, costs and attorney's fees.

2. Plaintiff is a citizen of, and domiciled in, the State of New Jersey.

3. Defendant is cruise line formed under the laws of Panama and maintains its principal place of business in Miami, Florida. As such, Defendant is a citizen of Panama and the State of Florida for diversity jurisdiction purposes.

4. This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 as the parties are completely diverse and the case in controversy exceeds the minimum jurisdictional amount.

5. The subject personal injury occurred on navigable waters and had the potential to disrupt maritime commerce.  Therefore, this Court has admiralty subject matter jurisdiction under 28 U.S.C. § 1333.

6. This Court has personal jurisdiction over the Defendant and venue is proper as:

    a. Defendant's principal place of business is located within Miami-Dade County, Florida;

    b. Defendant conducts substantial business within the State of Florida, including, but not limited to, operating cruises from Miami, Tampa, Cape Canaveral, Ft. Lauderdale, and Jacksonville; and,

    c. Defendant submitted to the jurisdiction of this Court via the cruise ticket contract.

7. Venue is appropriate under 87 U.S.C. § 1391(b)(1) as Defendant resides in this District and the cruise ticket contract requires Plaintiff to file her lawsuit in this District.

## **GENERAL ALLEGATIONS**

8. The incident which is the subject of this action occurred on or about September 29, 2014 aboard the cruise ship *CARNIVAL ECSTASY* (hereinafter referred to as, "The Vessel") while The Vessel was in navigable waters.

9. At the time of the incident, Plaintiff occupied the status of a passenger.

10. The Vessel was owned and/or operated and/or maintained by Defendant.

11. On the date alleged in Paragraph 8 above, Plaintiff was enjoying the pool area located on the Lido Deck with his friend.  A ship's crewmember announced that he was about to begin an activity on a stage near the pool.  The activity was musical chairs and other challenges.  Plaintiff

and his friend decided to participate in the activity and walked onto the stage. One of the activities announced was to retrieve an orange from the buffet area and bring it back to the stage. The crewmember announced that the person who brought the orange back the fasted won the challenge. When it was my turn to retrieve the orange, Plaintiff ran down the stage chairs to the buffet and grabbed an orange. On the way back to the stage, Plaintiff slipped and fell backwards on a wet and unreasonably slippery deck landing on his left wrist.

12. As a result of the fall, Plaintiff suffered a fractured his left wrist.

## COUNT I
## (NEGLIGENCE)

13. Plaintiff re-alleges all allegations pled in paragraphs 1 through 12 above as if alleged fully herein.

14. Defendant owed Plaintiff the duty of reasonable care under the circumstances, for her safety and the duty to warn Plaintiff of all dangers it knew or should have known.

15. Defendant was negligent as it breached its duty by:

    a. Failing to keep the subject floor free of water or other liquids to allow normal and safe foot traffic;

    b. Failing to post signs warning that the floor was unreasonably dangerous, slippery and/or hazardous as such a condition was not open or obvious;

    c. Failing to post signs adequately warning that the floor was unreasonably dangerous, slippery and/or hazardous (which was not open or obvious) in a manner for which it could be seen by passengers traversing the floor in the area of the unreasonably hazardous condition;

d. Failing to otherwise warn Plaintiff that the floor was unreasonably dangerous, slippery and/or hazardous as such a condition was not open or obvious;

e. Improperly applying too much soap and/or cleaning products to the floor that caused the floor to become unreasonably slippery;

f. Improperly using too much cleaning products or wax when buffing the floor as to make in unreasonably slippery;

g. Not properly removing a sufficient amount of soap, cleaning products and/or wax from the surface as to cause the area to be unreasonably slippery;

h. Failing to provide a mat or other covering over the slippery area to allow Plaintiff to safely traverse the floor;

i. Observing that the floor was dangerous but failing to rectify the condition;

j. Observing that the floor was dangerous but failing to cordon off the area of the floor to foot traffic;

k. Failing to properly train its employees in the proper methods of monitoring the activities of the people in the area, drying wet and/or slippery flooring, posting warning signs, or cordoning off such areas;

l. Failing to properly monitor and control the activities of people in an area especially a common area where Defendant knew, or should have known, is an area of high traffic and had continuous problems;

m. Failing to clear and make reasonably safe a pathway to so that passengers could participate in the various challenges in a reasonably safe manner;

    n. Conducting an activity that placed passengers in an unreasonably safe position by requiring them to run along a pool deck that was known to become wet from pool use or spillage of drinks;

    o. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one alleged in this action;

    p. Failing to properly maintain the area in a safe and reasonable manner;

    q. Allowing the anti-skid properties of the floor to become worn and/or smooth thus causing a slipping hazard when wet;

    r. Failing to cordon off the area when other people fell in the area of the floor before Plaintiff on the day of the subject incident;

    s. No properly monitoring alcohol consumption of its passengers;

    t. No properly regulating the amount of alcohol served to its passengers;

    u. Accepting the floor coating that is unreasonably dangerous, slippery or unreasonably dangerous and/or

    v. Failing to replace the coating of the floor after becoming aware that it is or has become unreasonably dangerous, slippery or unreasonably dangerous.

16. The Defendant:

    a. Caused the dangerous condition; and/or

    b. Had actual knowledge of the dangerous condition; and/or

    c. Had constructive knowledge of the dangerous condition as it existed for a sufficient length of time so that Defendant should have known of it by the

exercise of ordinary care and/or the wetness in the subject area occurred with such frequency as to impute knowledge of the unreasonably dangerous condition.

17. As a result of Defendant's negligence, Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery medical and nursing care and treatment and loss of earnings.  These losses are either permanent or continuing.

**WHEREFORE**, the Plaintiff demands judgment against Defendant for damages suffered as a result of the alleged accident and injury including pain and suffering, headaches, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment costs and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

*   *   *

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

**Submitted this 17th Day of December, 2015.**

**BRAIS BRAIS RUSAK**
*Counsel for Plaintiff*
Dadeland Towers
9300 S. Dadeland Blvd., Suite 101
Miami, Florida 33156
Telephone: (305) 416-2901
Facsimile:  (305) 416-2902

By: */s/ RICHARD D. RUSAK*
         RICHARD D. RUSAK
         Florida Bar No. 0614181